IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA and JON SUSTARICH, Revenue Officer,<br><br>    Petitioners<br><br>  v.<br><br>KAREN E. RAYL,<br><br>    Respondent.<br>_____/ | No. C-10-5426 MMC<br><br>**ORDER GRANTING PETITION TO ENFORCE INTERNAL REVENUE SERVICE SUMMONS; ORDERING RESPONDENT TO COMPLY WITH SUMMONS; VACATING APRIL 1, 2011 HEARING** |

    Before the Court is petitioners' Verified Petition to Enforce Internal Revenue Service Summons, filed December 1, 2010. Respondent Karen E. Rayl ("Rayl") has not filed a response to the petition. Having read and considered the petition, the Court deems the matter suitable for decision thereon, VACATES the hearing scheduled for April 1, 2011, and rules as follows.

    For the reasons stated by petitioners, the Court finds enforcement of the summons attached to the petition as Exhibit A is proper. Further, the Court finds it unnecessary to conduct an evidentiary hearing on the matter; Rayl has not opposed issuance of the petition, much less offered evidence to support a finding that the summons was "issued for an improper purpose." See Fortney v. United States, 59 F.3d 117, 121 (9th Cir. 1995) (holding party challenging issuance of Internal Revenue Service summons not entitled to

evidentiary hearing where party fails to offer evidence to support finding IRS is not acting in good faith).

Accordingly, the petition is hereby GRANTED, and Rayl is hereby ORDERED to appear before Revenue Officer Jon Sustarich, or any designated agent, on Wednesday, April 20, 2011, at 10:00 a.m., at the Offices of the Internal Revenue Service, 1301 Clay Street, Suite 1040S, Oakland, California, 94612, and then and there give testimony relating to the matters described in the subject Internal Revenue Service summons, a copy of which is attached hereto as Exhibit A, and produce for the Revenue Officer's inspection and copying the records described in the attached Internal Revenue Service summons.

Failure to comply with the instant order may be grounds for a finding of contempt. See, e.g., United States v. Ayres, 166 F.3d 991, 994-96 (9th Cir. 1999) (affirming finding of contempt, where party failed to comply with court order directing him to provide testimony and produce records to IRS).

Within five court days of the date of this order, petitioners are hereby DIRECTED to serve a copy of the instant order on Rayl, see Fed. R. Civ. P. 5(b), and to file proof of service with the Clerk of the Court.

**IT IS SO ORDERED.**

Dated:  March 10, 2011

_____
MAXINE M. CHESNEY
United States District Judge